IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:08CR105** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **FRED M. HUFFMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motion for severance (Filing No. 136) and the motion for a bill of particulars (Filing No. 138) filed by defendant Fred M. Huffman (Huffman). Huffman is charged with nine other defendants in Count I of the Indictment with a conspiracy to manufacture and attempt to manufacture methamphetamine during the period of September 2007 through March 2008, in violation of 21 U.S.C. § 846. In Count II, the same defendants including Huffman are also charged with the possession of pseudoephedrine with the intent to manufacture methamphetamine during September 2007 through March 2008, in violation of 21 U.S.C. § 841(c)(1).

*Severance*

Huffman seeks an order severing his trial from that of the co-defendants pursuant to Fed. R. Crim. P. 14(a), which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Essentially, in his brief, Huffman argues his involvement, if any, was very minor compared to his co-defendants. As such, Huffman argues the jury will be unable to compartmentalize the evidence against Huffman in a joint trial with the other co-defendants.

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court stated:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968)**. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. **See, e.g., *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979) (per curiam)**. The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in ***Richardson v. Marsh***, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211, 107 S. Ct. at 1709.

*Zafiro,* 506 U.S. at 539; **see also** *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006). There is a preference in the federal system for joint trials of defendants who are indicted together as joint trials play a vital role in the criminal justice system. *Zafiro*, 506 U.S. at 537. The federal criminal rules for joinder and severance are "liberally construed in favor of joinder." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). Joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The Eighth Circuit has held that "[r]arely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Noe*, 411 F.3d 878, 887 (8th Cir. 2005) (citations omitted and alteration in original). "Severance is not required simply because the evidence may have been more damaging against one [defendant] than the others. . . . Severance does,

however, become necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *Id.* at 886 (internal quotations and citations omitted).

The court finds from the record now before the court that a jury will be able to compartmentalize the evidence as it pertains to each of the defendants upon appropriate instructions by the court. *United States v. Blaylock*, 421 F.3d 758, 767 (8th Cir. 2005). A defendant seeking severance must show "real prejudice" i.e., "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993). Huffman has not presented such specific prejudice warranting a severance of his trial from the other co-defendants. His motion to sever will be denied.

### *Bill of Particulars*

Huffman seeks a Bill of Particulars on the following matters:

> 1. Dates, times and locations that Mr. Huffman is alleged to have purchased pseudoephedrine with the purpose of assisting in the manufacture of methamphetamine;
> 2. Dates, times and locations that Mr. Huffman is alleged to have distributed precursor materials for the manufacture of methamphetamine, and names of individuals to whom the government alleges Mr. Huffman gave such materials; and
> 3. Dates, times and locations that the government alleges Mr. Huffman visited any location(s) connected with a methamphetamine lab in this case.

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v.*

*Stephenson*, 924 F.2d 753, 762 (8th Cir.), **cert. denied sub nom.** *United States v. Ebanks*, 502 U.S. 813 (1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also** *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

In *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990), the defendants, charged with conspiring to distribute and possess cocaine, filed a Motion for Bill of Particulars to obtain additional information concerning the identity of the co-conspirators and specific dates relating to the defendant and the alleged conspiracy. The district court denied the motion, and the Second Circuit determined the district court acted well within its discretion. Additionally, the Second Circuit noted:

> In denying the Motions for Bills of Particular by Cruz and other defendants, the district court characterized these efforts as "ill-disguised attempts at general pre-trial discovery," *United States v. Torres*, No. S. 87 CR 593 (JMW), slip op. at 27, adding: "[t]he indictment adequately advises defendants of the specific acts of which they are accused. Moreover, the defendants have been provided with a wealth of evidentiary detail from the discovery to date, including electronic intercepts, search evidence, and exhaustive supporting affidavits.

*Torres,* 901 F.2d at 234. Similarly, in *United States v. Guerrerio*, 670 F. Supp. 1215 (S.D.N.Y. 1987), the court denied the defendants' petition for a bill of particulars stating "[t]he test is not whether the particulars sought would be useful to the defense. Rather, a more appropriate inquiry is whether the information in question is necessary to the defense." *Guerrerio,* 670 F. Supp. at 1224-25. Further, the court noted the "government

is not obliged to disclose the precise manner in which the crimes alleged in the indictment were committed." *Id.*

Additionally, in *United States v. Cole*, 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

> In evaluating the need for a Bill of Particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently appraises the defendant of the charges to enable him to prepare for trial. Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a Bill of Particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001. Other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided. **See** *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Savides*, 661 F. Supp. 1024, 1028 (N.D. Ill. 1987), **aff'd sub nom.** *United States v. Pace*, 898 F.2d 1218 (7th Cir. 1990); *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere. *Bortnovsky*, 820 F.2d at 574.

In this case, the government has represented it has provided defendants with various materials.

> Included in the materials are statements and police reports of interviews made by cooperating witnesses who may be testifying against the defendant which outline the time, place and drug quantities bought and sold directly to the defendant. The materials also provide the dates, times and locations when the defendant purchased pseudoephedrine in order to manufacture methamphetamine. Also included in the reports and interviews already provided to the defendant is information identifying the methamphetamine labs and the defendants [sic] involvement and what would be reasonably foreseeable to the defendant if he was found to be a part of the conspiracy.

5

Government's response (Filing No. 140).

A review of the defendant's motion further demonstrates the defendant is seeking evidentiary detail from the government and seeking to have the government marshal the evidence for trial. Such is not the function of a bill of particulars. *Matlock*, 675 F.2d at 986. Upon a review of the indictment and of the representations made by the parties regarding the extent of discovery made available in this matter, the court finds a bill of particulars as sought by the defendant is not warranted in this matter, especially as it relates to the conspiracy charge in Count I of the Indictment.

Count II is another matter. Count II charges as follows:

> From on or about September, 2007, through March, 2008, in the District of Nebraska and elsewhere, JOSEPH W. HOFLER, JOSEPH M. HOFLER, THOMAS A. NEW, JASON M. CODR, ANDREW T. SMALLRIDGE, STEVEN A. JONES, ARTHUR W. JONES, FRED M. HUFFMAN, IVAN J. HICKS, and CATHERINE A. THOMAS, defendants herein, possessed Pseudoephedrine, a list I chemical, with the intent to manufacture methamphetamine, a Schedule II controlled substance.
> In violation of Title 21, United States Code, Section 841(c)(1), and in violation of Title 21, United States Code, Section 846.

Section 841(c) of Title 21 provides:

> (c)   Offenses involving listed chemicals:
>        Any person who knowingly or intentionally–
>        (1)   possesses a listed chemical with intent to manufacture a controlled substance except as authorized by this subchapter;
>                          * * *
>        Shall be fined in accordance with . . . .

Section 846 of Title 21 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The language of Count II appears to charge a substantive count of the possession of pseudoephedrine with intent to manufacture methamphetamine under 21 U.S.C. § 841(c)(1). However, Count II charges all ten defendants with such possession during the

entire period of the conspiracy of September 2007 through March of 2008 (the Indictment was filed on March 18, 2008), a period of some six and a half months. The citation to 21 U.S.C. § 846 may provide a basis for an attempt at such possession or a conspiracy to possess pseudoephedrine. However, such language is not found in the charge. Count II is poorly drafted. A reading of the briefs in support of and in opposition to the motions referred to in this Order indicates that a number of the co-defendants purchased or obtained pseudoephedrine and provided it to other co-defendants for the purpose of manufacturing methamphetamine on diverse occasions. It is doubtful Count II involves a single possession that lasted the six and a half months as alleged in the Indictment. Further, while the government may invoke the doctrine of **Pinkerton v. United States**, 328 U.S. 640 (1946), to assess conspiratorial responsibility for substantive offenses, it must be clear what substantive offense is charged. Is there sole or joint possession of the pseudoephedrine? Is the possession actual or constructive? While those issues may be left to trial and the instructions provided to the jury, the discussion raises the issue of whether Count II suffers from duplicity in alleging numerous separate substantive counts in one singe count. **See** *United States v. Gerberding*, 471 F2d 55, 59 (8th Cir 1972). Conversely, the reference to 21 U.S.C. § 846 may raise the issue of multiplicity as Count II may be alleging the same conspiracy as in Count I but in different terms. **See** *United States v. Rimell*, 21 F.3d 281, 287 (8th Cir. 1994). Consequently, the government will be required to file a Bill of Particulars as to Count II to set forth the theory of the charge in this case, i.e., who possessed what and when.

**IT IS ORDERED:**

1.   Huffman's motion for severance (Filing No. 136) is denied.

2.   Huffman's motion for a bill of particulars (Filing No. 138) is denied as to Count I but granted as to Count II.

3.   **On or before July 25, 2008**, the government shall file a Bill of Particulars specifying the occasions during the period of time alleged in Count II when there was a possession of pseudoephedrine with intent to manufacture methamphetamine and who possessed the pseudoephedrine on those occasions.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 14th day of July, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge